IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANNY K. PEARSALL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-21-1201 |
| WARDEN OF BALTIMORE COUNTY DETENTION CENTER, | * | |
| | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM

On May 17, 2021, Plaintiff Danny K. Pearsall, who is currently incarcerated at the Baltimore County Detention Center ("BCDC"), filed a 42 U.S.C. § 1983 civil rights suit, alleging that he has been denied "his Sixth Amendment right to a speedy trial within [ ] 180 days." Compl., ECF No. 1. He states that his previous attempt to file this suit was improperly construed as a petition for a writ of habeas corpus and dismissed due to Plaintiff's failure to exhaust state court remedies. *Id.* at 2–5. Plaintiff claims that this exhaustion requirement does not apply to him because he is a pretrial detainee. *Id.* at 6. As relief, he seeks dismissal of the charges against him, immediate release, and $1 million in monetary damages. *Id.* at 7.

Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis. ECF No. 2. Because he appears to be indigent, *see* ECF No. 2 at 2–3, the Court will grant his Motion. For the reasons stated below, however, the Court will dismiss the Complaint.

Plaintiff alleges that he has been denied the right to a speedy trial pursuant to the Sixth Amendment because no hearing was held within 180 days. Indeed, Maryland law requires the state to bring a defendant to trial within 180 days of the appointment of counsel or the appearance

1

of counsel, unless the trial court grants a postponement for good cause shown. *See* Md. Rule 4-271(a)(1). The assertion that the state's 180-day requirement has been violated, however, does not implicate one's federal constitutional Sixth Amendment right to a speedy trial. *Vance v. Bishop*, Civ. No. ELH-18-0133, 2020 WL 2732075, at *9 (D. Md. May 22, 2020), *appeal dismissed and remanded on other grounds*, 827 F. App'x 333 (4th Cir. 2020) (Mem). Thus, Plaintiff's claim, which is based solely on state law, does not state a claim for federal habeas relief.

To the extent that Plaintiff asks this Court to compel BCDC's Warden to release him from incarceration, his request is akin to a petition for a writ of mandamus. Under 28 U.S.C. § 1361, federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty" owed to a petitioner. However, this Court has no mandamus jurisdiction over county or state employees, including the BCDC Warden, who is the named Defendant in this case. *See Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, Plaintiff's claim seeking mandamus relief shall be dismissed.

To the extent that Plaintiff seeks monetary damages as relief, his claim still fails. In *Home Buyers Warranty Corporation v. Hanna*, the Fourth Circuit explained that "[f]undamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction.'" 750 F.3d 427, 432 (4th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna*, 750 F.3d at 432. Notably, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz*

2

Case 1:21-cv-01201-JKB   Document 3   Filed 05/26/21   Page 3 of 4

*Corp. v. Friend*, 559 U.S. 77, 94 (2010). Moreover, "[a] court is to presume [ ] that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original) (citing *Kokkonen*, 511 U.S. at 377). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), a "court must dismiss the action" if it determines that it lacks subject matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006).

Congress has conferred jurisdiction on the federal courts through several limited avenues, and plaintiffs bear the burden of proving the existence of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). First, to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Moreover, 28 U.S.C. § 1367(a) grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within [a court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." These grounds do not apply here because, as explained above, Plaintiff has not presented a valid Sixth Amendment claim.

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil*, 545 U.S. at 552 (citing 28 U.S.C. § 1332). This so-called diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the

3

citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The requirements for diversity jurisdiction are not satisfied here, because Plaintiff does not meet his burden of alleging that the parties are domiciled in different states. (*See* Compl. at 1.) As a result, Plaintiff cannot bring a civil action against the named Defendant in this Court.

Because none of Plaintiff's claims are properly before this Court, his Complaint must be dismissed. A separate Order follows.

Dated this 25 day of May, 2021.

FOR THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge